# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PHILLIPPE FRANKLIN,**

        **Plaintiff,**

**v.**                                             **Case No: 6:17-cv-1196-Orl-40GJK**

**BOARD OF COUNTY**
**COMMISSIONERS OF OSCEOLA**
**COUNTY,**

        **Defendant.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION FOR SANCTIONS AND DISMISSAL AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 56)** |
| **FILED:** | **September 24, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S THIRD MOTION FOR SANCTIONS AND DISMISSAL AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 83)** |
| **FILED:** | **December 7, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

## I. PROCEDURAL HISTORY.

On June 27, 2017, Plaintiff filed a Complaint alleging civil rights deprivations against the Osceola County Corrections Department and two correctional officers that work at the department. Doc. No. 1. On July 20, 2018, the Court dismissed the Complaint, but gave Plaintiff leave to amend. Doc. No. 40. On August 13, 2018, Plaintiff filed an Amended Complaint naming the Board of County Commissioners of Osceola County (the "Defendant") as the sole defendant. Doc. No. 43. On December 21, 2018, the Court granted Defendant's motion to dismiss the Amended Complaint and dismissed the Amended Complaint with prejudice. Doc. No. 91.

During the pendency of this litigation, Defendant's counsel[1] attempted to take Plaintiff's deposition and hold a pretrial conference. Doc. Nos. 56, 83. Plaintiff failed to respond to Defendant's requests to schedule these events. Doc. Nos. 56, 83. This failure lead to Defendant moving for sanctions. Doc. Nos. 56, 83. In the motions, Defendant requests, *inter alia*, that the Court dismiss this action with prejudice. Doc. No. 56 at 10; Doc. No. 83 at 12. Those requests to dismiss this action are now moot. Doc. No. 91. Defendant also requests that the Court award it its costs, Doc. No. 56 at 10, Doc. No. 83 at 12, and therefore the motions for sanctions are not mooted in their entirety.

## II. FAILURE TO COORDINATE AND APPEAR FOR DEPOSITION.

On September 24, 2018, Defendant filed its Motion for Sanctions and Dismissal and Incorporated Memorandum of Law (the "Deposition Motion"), asking the Court to sanction Plaintiff for his failure to coordinate the scheduling of his deposition with Defendant's counsel

---

[1] Defendant's counsel represents Defendant and also represented the Osceola County Corrections Department and the two correctional officers named in the original Complaint. Doc. No. 17 at 24; Doc. No. 47 at 25.

and failure to appear at his deposition. Doc. No. 56. Defendant asserts that his counsel called and emailed Plaintiff on the following dates in 2018 to attempt to schedule Plaintiff's deposition: May 30, June 6, July 12, and July 16. *Id.* at ¶¶ 8-12. Plaintiff never responded to the calls or emails. *Id.* On July 16, 2018, Defendant's counsel then noticed Plaintiff's deposition for August 6, 2018, and served the notice on Plaintiff via U.S. Mail and email. Doc. No. 56-5. On this same date, Defendant's counsel served an amended notice of taking Plaintiff's deposition; the amended notice was to correct a scrivener's error. Doc. No. 56 at ¶ 15. The amended notice was also served via U.S. Mail and email. *Id.*

On July 30, 2018, after the Court entered its order dismissing the original Complaint, Defendant's counsel emailed Plaintiff regarding rescheduling his deposition until after the Amended Complaint was filed, but Plaintiff did not respond to this email. *Id.* at ¶ 17. On August 2, 2018, Defendant's counsel called and emailed Plaintiff about rescheduling his deposition, and Plaintiff did not respond. *Id.* at ¶ 18. Also on August 2, 2018, Defendant's counsel served Plaintiff via U.S. Mail and email with a second notice of taking his deposition, rescheduling it for August 28, 2018. *Id.* at ¶ 19. On August 21, 2018, Defendant's counsel served Plaintiff via U.S. Mail and email with an amended notice of taking his deposition, but the only change was regarding the case style to reflect the omission of the Osceola County Corrections Department and two correctional officers and the addition of Defendant. *Id.* at ¶ 21.

On August 24, 2018, Defendant's counsel called and emailed Plaintiff to remind him of his deposition, but Plaintiff did not respond to the communications. *Id.* at ¶ 23. Plaintiff did not appear for his deposition. *Id.* at ¶ 24.

Defendant requests that Plaintiff be sanctioned under Federal Rules of Civil Procedure 37(d)(1)(A)(i) and 41(b) for failing to coordinate his deposition, respond to Defendant's counsel's

communications, and appear for his deposition. *Id.* at 10. In addition to requesting dismissal with prejudice, Defendant asks that the Court award it the costs incurred for the deposition and preparation of the Deposition Motion. *Id.*

On October 4, 2018, Plaintiff filed his response to the Deposition Motion, which is largely nonsensical. Doc. No. 63. Plaintiff does not deny that he did not respond to Defendant's counsel's numerous communication attempts or that he did not appear for his deposition. *Id.* On December 6, 2018, with the Court's authorization, Defendant filed a reply to Plaintiff's response. Doc. Nos. 80, 81.

Federal Rule of Civil Procedure 37(d)(3) specifies the sanctions the court may award for a party's failure to attend his deposition, and states that "the court must require the party" that failed to appear for his deposition "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Plaintiff provides no justification for his failure to appear for his deposition or any reason why an award of expenses would be unjust.

In the Deposition Motion, Defendant requests an award for the following expenses:

| | |
|---|---|
| Attendance by Court Reporter | $54.00 |
| Cost of Transcript of Proceedings | $45.60 |
| Cost of Certificate of Non-Appearance | $80.00 |
| Attendance by John Janousek[2] (0.6 hours at $145.00/hour) | $87.00 |
| Preparation of Deposition Motion (3.8 hours at $145.00/hour) | $551.00 |
| Total | $817.60 |

---

[2] Defendant's counsel.

Doc. No. 56 at 6. In the response to the Deposition Motion, Plaintiff did not address the amount of expenses sought by Defendant. Doc. No. 63.

The requested expenses are reasonable, except for the request for the cost of the transcript. The invoice for that cost states that the transcript is twelve pages and Defendant was charged $3.80 per page. Doc. No. 56-14. The transcript was not filed in support of the Deposition Motion, and, as Plaintiff did not appear for the deposition, a transcription is unnecessary. Thus, it is recommended that the Court award Defendant $772.00 under Rule 37(d)(3) as its reasonable expenses incurred due to Plaintiff's failure to attend his deposition. In all other respects, it is recommended that the Deposition Motion be denied.

### III.   FAILURE TO COORDINATE AND ATTEND MEETING TO PREPARE THE JOINT FINAL PRETRIAL STATEMENT.

On December 7, 2018, Defendant filed its Third Motion for Sanctions and Dismissal and Incorporated Memorandum of Law (the "Pretrial Conference Motion"), asking the Court to sanction Plaintiff for failing to coordinate a meeting with Defendant's counsel to prepare the Joint Final Pretrial Statement and failing to respond to Defendant's counsel's communications. Doc. No. 83. Defendant's counsel called and emailed Plaintiff on the following dates in 2018 in an attempt to schedule a meeting to prepare the Joint Final Pretrial Statement, as required by the Case Management and Scheduling Order ("CMSO"): November 14, 19, 21, 26, 27, and December 5. *Id.* at ¶¶ 10-12, 18. Plaintiff did not respond to any of these communications. *Id.* at ¶¶ 16, 18. Also, on November 19, 2018, Defendant's counsel sent Plaintiff a letter via certified mail requesting scheduling a meeting to prepare the Joint Final Pretrial Statement. *Id.* at ¶ 13. Defendant then unilaterally set the conference for December 4, 2018, and notified Plaintiff of this via email and a message left on Plaintiff's cell phone. *Id.* at ¶ 15. Plaintiff did not respond and did not appear for

the conference. *Id.* at ¶¶ 16, 17. Defendant requests that the Court award it its reasonable expenses incurred due to Plaintiff's behavior pursuant to Rule 16(f)(2). *Id.* at ¶ 24.

On December 13, 2018, Plaintiff filed a response to the Pretrial Conference Motion, stating the following:

> Defendant again has created its own calendar and expects the Court to enforce dates that is not upon ordered apart of this bold fibbing. Pretrial statement is due in the future 12/18/2018 and this attempt by the Defendant to further delay the Court attention is frivolous and Plaintiff pray thee the Court to rule with a written order that Doc 83., [sic] be stricken and ruled as Moot.

Doc. No. 84.

Rule 16(f)(2) states, "[T]he court must order the party . . . to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Rule 16(a)(4) states that a court may order a party to appear for a pretrial conference to "improv[e] the quality of the trial through more thorough preparation . . . ." In the CMSO, the parties were ordered to meet in person to discuss settling the case and preparing it for trial, among other things, including discussing facts and issues they could stipulate to and preparing exhibits. Doc. No. 27 at 9. Defendant has demonstrated that Plaintiff failed to comply with Rule 16(a)(4) by failing to coordinate and appear for a pretrial conference as ordered by the Court. Plaintiff does not show that his failure was substantially justified or that other circumstances make an award of expenses unjust. Thus, it is recommended that the Court award Defendant its reasonable expenses, including attorney's fees. In all other respects, it is recommended that the Pretrial Conference Motion be denied.

**IV.    CONCLUSION.**

Accordingly, it is **RECOMMENDED** as follows:

1. That the Deposition Motion (Doc. No. 56) be **GRANTED IN PART AND DENIED IN PART** as follows:

    a. That the Court award Defendant $772.00 under Rule 37(d)(3) as its reasonable expenses incurred due to Plaintiff's failure to attend his deposition;

    b. That, in all other respects, the Deposition Motion be denied;

2. That the Pretrial Conference Motion (Doc. No. 83) be **GRANTED IN PART AND DENIED IN PART** as follows:

    a. That the Court award Defendant its reasonable expenses, including attorney's fees, under Rule 16(f)(2) incurred due to Plaintiff's noncompliance with the CMSO;

    b. That Defendant be given fourteen days from the date of the Court's order to file a motion quantifying the amount of attorney's fees and costs to be awarded, accompanied by affidavits, detailed time sheets and any other supporting evidence; and

    c. In all other respects, that the Pretrial Conference Motion be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the

district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 7, 2019.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties