UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PHILLIPPE FRANKLIN,**

      **Plaintiff,**

v.                                                       Case No:   6:17-cv-1196-Orl-40GJK

**BOARD OF COUNTY
COMMISSIONERS OF OSCEOLA
COUNTY,**

      **Defendant.**

---

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **DEFENDANT'S MOTION QUANTIFYING ATTORNEY'S FEES AND COSTS AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 99)**
>
> **FILED:**    **February 11, 2019**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On January 29, 2019, the Court entered an order (the "Order") granting in part Defendant's motion regarding Plaintiff's failure to cooperate in conducting a pretrial conference. Doc. No. 97. The Court awarded Defendant its reasonable attorney's fees under Federal Rule of Civil Procedure 16(f)(2) incurred due to Plaintiff's noncompliance with the Case Management and Scheduling Order ("CMSO") and directed Defendant to file a motion quantifying its attorney's fees. *Id*. at 2.

On February 11, 2019, Defendant filed a motion to quantify its attorney's fees (the "Motion"), requesting $1,537.00 in attorney's fees. Doc. No. 99. Defendant attached time sheets detailing the time incurred due to Plaintiff's failure to comply with the CMSO and its counsel's

affidavit attesting to the reasonableness of his hourly rates and time incurred. Doc. Nos. 99-1, 99-2. Plaintiff did not file a response to the Motion; therefore, it is considered unopposed. *See* Local Rule 3.01(b) ("Each party opposing a motion or application shall file within fourteen (14) days after service of the motion or application a response that includes a memorandum of legal authority in opposition to the request . . . .").

Defendant requests that it be awarded $1,537.00 in attorney's fees. Doc. No. 99 at 6. The reasonableness of the attorney's fees requested is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Id.*

Defendant's counsel has been a member of The Florida Bar since 2012 and has been practicing in Orlando since 2016. Doc. No. 99-2 at ¶ 8. Defendant's counsel charges Defendant $145 per hour and states that this rate "is comparable to the prevailing market rates for similarly trained and experienced lawyers in civil rights actions in the Orlando legal community." *Id.* at ¶ 8. Defendant's counsel expended 10.6 hours due to Plaintiff's failure to comply with the CMSO, including attempting to coordinate a pretrial conference with Plaintiff, researching and writing a motion to compel compliance and for sanctions, and preparing the Motion. Doc. No. 99 at 3-7;

Doc. No. 99-1. The hourly rates requested and the hours expended are reasonable.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 99) be **GRANTED**; and

2. The Court award Defendant $1,537.00 in attorney's fees against Plaintiff.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on March 25, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party